# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EDMUND LOWELL FIELDS,

    Petitioner,

v.

CHANDLER CHEEKS,

    Respondent.

Case No. 21-cv-11287
Honorable Laurie J. Michelson

---

**OPINION AND ORDER DENYING THE MOTION FOR A STAY [3]
AND TRANSFERRING CASE TO THE UNITED STATES
COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

---

Petitioner Edmund Lowell Fields, a state prisoner in the custody of the Michigan Department of Corrections, recently filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (ECF No. 1.) Fields purports to have new evidence that undermines his state conviction, and he claims that he was denied his right to a present a meaningful defense at trial due to constitutionally deficient jury instructions. (ECF No. 1, PageID.2-3, 10-11.) But Fields has also filed a motion to stay this case: he wants the Court to hold his Rule 60(b) motion in abeyance while he seeks an evidentiary hearing in state court and develops the record for his claims. (ECF No. 3, PageID.98.)

As will be explained, Fields' Rule 60(b) motion is a petition for habeas corpus. And that poses a problem for Fields because he has already filed a petition for habeas corpus. In other words, his Rule 60(b) motion is the equivalent of a second or

successive habeas petition, and the Court lacks jurisdiction to adjudicate a second or successive petition without prior authorization from the Court of Appeals. Because Fields has not obtained that authorization, the Court will transfer Fields' petition to the Court of Appeals for a determination of whether this Court may adjudicate Fields' claims. The Court will deny as moot Fields' Motion for Stay and Abeyance.

## I. Background

In 2005, following a jury trial in Eaton County Circuit Court, Fields was convicted of second-degree murder, Mich. Comp. Laws § 750.317, and possession of a firearm during the commission of a felony, Mich. Comp. Laws § 750.227b. (ECF No. 1, PageID.73, 75-76.) On November 3, 2005, the trial court sentenced Fields to a term of 23 to 50 years in prison for the murder conviction and two years for the felony-firearm conviction. (*Id.* at PageID.76-77.) The Michigan Court of Appeals affirmed Fields' convictions, *see People v. Fields*, No. 266738, 2007 WL 1712619 (Mich. Ct. App. June 14, 2007), and on October 29, 2007, the Michigan Supreme Court denied leave to appeal. *See People v. Fields*, 740 N.W.2d 264 (Mich. 2007). Fields also pursued state collateral relief without success.

In 2012, Fields filed a habeas corpus petition in this District. United States District Judge Denise Page Hood denied the habeas petition on the merits and declined to issue a certificate of appealability. *See Fields v. Bergh*, No. 2:12-CV-12658, 2015 WL 224755, at *20–21 (E.D. Mich. Jan. 15, 2015). Fields appealed Judge Hood's decision, but the United States Court of Appeals for the Sixth Circuit denied Fields'

appellate application for a certificate of appealability and dismissed his appeal. *See Fields v. Bergh*, No. 15-1097 (6th Cir. Nov. 17, 2015).

Five years later, Fields filed a motion for post-conviction relief under Subchapter 6.500 of the Michigan Court Rules. In August 2020, the state trial court denied the motion because Fields' "new" evidence would have been available to Fields if he had exercised reasonable diligence. *See People v. Fields*, No. 05-020279-FC (Mich. 56th Cir. Ct. Aug. 13, 2020) (order denying Rule 6.500 motion) *available at* (ECF No. 1, PageID.68–69). The state court also determined that one of Fields' supporting affidavits was hearsay and that the remaining issues could have been brought during trial, on appeal, or in one of his previous motions. *See id.* Fields appealed the trial court's decision without success. The Michigan Court of Appeals dismissed Fields' application for leave to appeal because he failed to demonstrate entitlement to any of the exceptions to the Michigan court rule governing second or successive motions for relief from judgment. *See People v. Fields*, No. 354875 (Mich. Ct. App. Jan. 19, 2021) *available at* (ECF No. 1, PageID.71). On March 26, 2021, the Michigan Supreme Court denied leave to appeal because Fields' motion for relief from judgment was prohibited by Michigan Court Rule 6.502(G). *See People v. Fields*, 955 N.W.2d 907 (Mich. 2021).

Finally, on May 24, 2021, Fields filed a "Federal Rule [of] Civil Procedure 60(b) Motion for Relief from Judgment" in this Court, along with a motion for stay and abeyance. (ECF Nos. 1, 3.) In the Rule 60(b) motion, he purports to have new evidence that undermines his murder conviction, and he alleges that he was denied his right

3

to present a complete and meaningful defense due to constitutionally deficient jury instructions. (ECF No. 1, PageID.2-3.) In the stay-and-abeyance motion, he asks the Court to hold his Rule 60(b) motion in abeyance while he exhausts his state-court remedies and develops the record with new evidence that allegedly undermines the prosecution's theory and his murder conviction. (ECF No. 3, PageID.98.)

## II. Discussion

Although Fields has labeled his case-initiating document as a Rule 60(b) motion, if it is in fact a petition for habeas corpus, he would have to clear the hurdles set out in 28 U.S.C. § 2244(b) before this Court could adjudicate his claims. As mentioned, Chief Judge Hood denied a prior petition for habeas corpus about six years ago. And § 2244(b) provides in part, "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). So is Fields' Rule 60(b) motion an application for habeas relief?

Before turning to the ample case law addressing the scenario where a federal court denies a petition for habeas corpus and the petitioner then files a Rule 60(b) motion in that same case, *see e.g., Gonzalez v. Crosby*, 545 U.S. 524, 527 (2005), the Court more fundamentally notes that Fields may have simply mislabeled his case-initiating document. Indeed, as its title suggests, Rule 60 motions are post-judgment devices, not case-initiating pleadings. Fields' Rule 60(b) motion was not filed in Chief Judge Hood's case. And he does not claim that she erred in ruling on his claims. And

4

he does not expressly seek to add claims to the petition that she adjudicated. Further, the substance of the Rule 60(b) motion reveals that it is a petition for habeas corpus. In Claim I, Fields says he has new evidence—affidavits, photos of the scene, and an autopsy report—that proves his innocence. (ECF No. 1, PagID.10–11.) In Claim II, Fields asserts that the jury instructions at his state trial were constitutionally deficient. (ECF No. 1, PageID.30.) These are claims that his state court conviction should be set aside, i.e., claims for writ of habeas corpus.

And the case law addressing Rule 60(b) motions filed in the same case denying a petition for habeas corpus does not help Fields either. "[F]or purposes of § 2244(b) an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Gonzalez*, 545 U.S. at 530. The habeas statutes and Supreme Court decisions "make clear that a 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." *Id*.

"In some instances, a Rule 60(b) motion will contain one or more 'claims.'" *Id*. For example, a Rule 60(b) motion states a "claim" if it seeks leave to present a claim of constitutional error that was omitted from the habeas petition due to excusable neglect; it seeks leave to present newly discovered evidence in support of a claim previously denied; or it contends that a subsequent change in substantive law justifies relief from the previous denial of a claim. *Id*. at 530-531.

"A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a 'habeas corpus application,' at least similar enough that failing to subject it to the same requirements would be 'inconsistent with' the statute." *Id*. at 531. And

5

"in each of these three examples use of Rule 60(b) would impermissibly circumvent the requirement that a successive habeas petition be precertified by the court of appeals as falling within an exception to the successive-petition bar. *Id.* at 532 (citing §2244(b)(3)).

As noted, Fields is seeking permission to present newly discovered evidence in support of his claim that the evidence at trial was insufficient to support his murder conviction. His assertion of new evidence is a "claim." *Gonzalez*, 545 U.S. at 531. Fields' allegation that his right to present a defense was violated is a new ground for relief, and a Rule 60(b) motion that seeks to add a new ground for relief advances a claim. *Id.* at 532. Thus, Fields' Rule 60(b) motion is the equivalent of a habeas corpus application, and because Fields filed a previous habeas corpus application, he may not assert his "claims" without prior approval from the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A). As recently explained by the United States Supreme Court, although "[a] state prisoner is entitled to one fair opportunity to seek federal habeas relief from his conviction," he or she usually may not "make a 'second or successive habeas corpus application.'" *Banister v. Davis*, 140 S. Ct. 1698, 1702 (2020) (quoting 28 U.S.C. § 2244(b)); *see also In re Tibbetts*, 869 F.3d 403, 405 (6th Cir. 2017) (stating that "[t]he Antiterrorism and Effective Death Penalty Act of 1996 . . . requires petitioners challenging state court judgments to seek authorization in a federal appeals court before filing a 'second or successive' petition in district court")).

"The phrase 'second or successive application,' . . . is a 'term of act,' which 'is not self-defining.'" *Banister*, 140 S. Ct. at 1705 (quoting *Slack v. McDaniel*, 529 U.S.

473, 486 (2000), and *Panetti v. Quarterman*, 551 U.S. 930, 943 (2007)); *see also In re Caldwell*, 917 F.3d 891, 893 (6th Cir. 2019) (noting that § 2244(b) "limits 'second or successive' applications," but "does not define 'second or successive'"). Nevertheless, it is clear from § 2254 and the relief it provides that the phrase "must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010). A habeas petition ordinarily is "second or successive" if "[i]t amounts to a second or successive attempt to invalidate the judgment authorizing the petitioner's confinement." *In re Caldwell*, 917 F.3d at 893 (citing *Magwood*, 561 U.S. at 332–33).

Because Fields' Rule 60(b) motion is another attempt to invalidate the same state-court judgment that was the subject of his first habeas corpus petition, this Court cannot consider his petition without prior authorization from the appropriate Court of Appeals. *Franklin v. Jenkins*, 839 F.3d 465, 473 (6th Cir. 2016) (citing 28 U.S.C. § 2244(b)(3) and *Burton v. Stewart*, 549 U.S. 147, 149 (2007)).

### III. Conclusion and Order

Fields' Rule 60(b) motion is the equivalent of a successive habeas corpus application, and he has not obtained permission from the Sixth Circuit Court of Appeals to file a second or successive petition. "[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, it is ORDERED that the Clerk of the Court shall transfer

Fields' Motion for Relief from Judgment to the United States Court of Appeals for the Sixth Circuit.

It is further ORDERED that Fields' Motion for Stay and Abeyance (ECF No. 3) is DENIED as moot.

**IT IS SO ORDERED**.

Dated: July 6, 2021

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE